UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HENRY JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> ATLANTIC RECOVERY SOLUTIONS, LLC, <br><br> Defendant. | Case No. 1:19-cv-06982 |

## COMPLAINT

NOW COMES Plaintiff, HENRY JOHNSON, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, ATLANTIC RECOVERY SOLUTIONS, LLC, as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. HENRY JOHNSON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7. Plaintiff is a "person" as defined by 815 ILCS 505/1(c).

8. ATLANTIC RECOVERY SOLUTIONS, LLC ("Defendant") is a limited liability company organized under the laws of New York.

9. Defendant has its principal place of business at 33 Dodge Road, Suite 108, Getzville, New York 14068.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8292.

14. At all times relevant, Plaintiff's number ending in 8292 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16. Plaintiff applied for and received a Surge – Mastercard® issued by Continental Finance Company

17. Over time, Plaintiff made personal charges on this credit card.

18. Plaintiff defaulted on payments and Plaintiff's unpaid balance was charged-off and referred for collection.

19. Plaintiff's unpaid balance is a "debt" as defined by 15 U.S.C. § 1692a(5) as it relates to an obligation or alleged obligation to pay money arising out of a transaction in which the money, property, insurance, or services which is the subject of the transaction are primarily for personal, family, or household purposes.

20. In August 2019, Plaintiff started to receive 4-5 daily phone calls from Defendant.

21. On September 3, 2019, Plaintiff finally answered.

22. Plaintiff experienced noticeable pause prior to being connected to Defendant's representative.

23. Defendant informed Plaintiff that they were seeking to collect $856.00 on behalf of Continental Finance Company.

24. Plaintiff inquired as to settlement options.

25. Defendant indicated that they will accept three (3) payments of $200.00; that Plaintiff's initial $200.00 payment was due immediately; otherwise, Plaintiff's account will be referred for legal process.

26. Frightened, Plaintiff agreed to make payment.

27. During this call, Plaintiff also requested that Defendant stop calling.

28. Defendant did not send written notice to Plaintiff within five days of this call.

29. Plaintiff's second $200.00 payment was declined.

30. Soon thereafter, Plaintiff received a message from Defendant.

31. This call stated:

> "Hi Mr. Johnson, this is George Harkins with Atlantic Recovery Solutions. Sir, your payment was declined again; neither of the accounts are working – the ones that you provided, so we will mark this as a refusal. You have had plenty of time to have payments set up and you have declined multiple times. At this point in time we have to subtract your file from my office.

> So if you have the funds available today, until the end of business, I recommend you give me a call. If not, tomorrow morning it won't be here."

32. Notably, Defendant did not identify them self as a debt collector.

33. The following day, Plaintiff received another message from Mr. Harkins.

34. This call stated:

> "Hi Mr. Johnson, I left you a message yesterday with reference to your declined payments sir. I still haven't heard from you, so they are going to pull back your file this morning. I know that you are well aware of the situation. I informed you that this morning that your file will be removed and you never got me a call back, so … there is nothing that I can do to help you sir. I want to wish you the best of luck in the legal process and if you have any questions, feel free to give me a call."

35. Once more, Defendant did not identify them self as a debt collector.

36. Subsequently, Plaintiff received another message.

37. This time, Defendant's message appeared to be automated.

38. This call stated:

> "This message is solely intended for Henry T. Johnson S R [*sic*]. We have been attempting to reach you in regards to a legally required notice placed in our office for you. Please contact us back at your earliest convenience (855) 319-2711."

39. All in all, Defendant placed (or caused to be placed) dozens of *unconsented-to* collection calls to Plaintiff.

40. To date, legal action has not been initiated against Plaintiff.

41. To date, no written communication(s) have been received by Plaintiff in regard to this debt.

42. Defendant's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

43. Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

44. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection efforts ceased.

45. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection efforts.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

47. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

48. Defendant violated 15 U.S.C. § 1692d(5) by continuously or repeatedly calling Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

49. Defendant violated 15 U.S.C. § 1692d(5) by placing four to five daily phone calls to Plaintiff despite Plaintiff's multiple requests that Defendant stop calling.

50. Defendant violated 15 U.S.C. § 1692d(5) by placing 4-5 daily phone calls to Plaintiff despite Plaintiff's request(s) that Defendant stop calling.

51. Defendant's behavior of continuously or repeatedly calling Plaintiff was abusive, harassing, and oppressive.

### Violation(s) of 15 U.S.C. § 1692e

52. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

 (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

 (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

 (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

15 U.S.C. §§ 1692e(5), e(10) and e(11).

53. Defendant violated 15 U.S.C. §§ 1692e(5) and e(10) by threatening that Plaintiff's file will be sent through the legal process if immediate payment is not made.

54. Upon information and belief, Defendant did not intend to send Plaintiff's account through the legal process when Mr. Harkins made that threat.

55. Defendant violated 15 U.S.C. § 1692e(11) by failing to include the required disclosures required under 15 U.S.C. § 1692e(11) in both phone calls made by Mr. Harkins.

**Violation(s) of 15 U.S.C. § 1692g(a)**

56. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

57. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

58. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

59. Defendant violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

60. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to provide the amount of the debt.

61. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

62. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

63. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to provide a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

64. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d(5), e(5), e(10), e(11), g(a), a(1), a(3), a(4) and a(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. §§ 1692d(5), e(5), e(10), e(11), g(a), a(1), a(3), a(4) and a(5);

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## COUNT II:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

65.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

66.     Defendant placed or caused to be placed dozens of non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

67.     Upon information and belief, based on the clear pause Plaintiff experienced prior to being connected to a live representative, Defendant employed an ATDS to place calls to Plaintiff.

68. Upon information and belief, based on the pre-recorded voice heard when he retrieved his messages, Defendant used an artificial or prerecorded voice in conjunction with an ATDS.

69. Upon information and belief, the ATDS employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

70. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

71. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

72. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 23, 2019                          Respectfully submitted,

**HENRY JOHNSON**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com